**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2026 AUG 10 AM 9: 18
OFFICE OF THE CLERK

**HASANI LEE and TONI WIGGINS,**
Plaintiffs,

*v.*

**OMAHA HOUSING AUTHORITY; HEATHER LARSON, in her individual and official capacities; MAUREEN NOVAK, in her individual and official capacities; SARAH NOTTHORN, in her individual and official capacities; MATTHEW COOK, in his individual and official capacities; BRIAN HANSEN, individually; CARLA BRIMMER, individually; MARY SEDERSTROM, individually and as attorney; ERICKSON & SEDERSTROM, P.C.; JULIE STEADMAN, individually and in her official capacity; OHA BOARD OF COMMISSIONERS; and JOHN AND JANE DOES 1-10,** et. al, JOHN and JANE DOES 1-50;
Defendants.

**Case No.** 8:26cv410

# COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, FAIR HOUSING ACT VIOLATIONS, HUD-VASH VOUCHER TERMINATION, AND SUCCESSION PROTOCOL FAILURE

**JURY TRIAL DEMANDED**

---

**! DRAFT — REQUIRES HASANI LEE SIGN-OFF BEFORE FILING !**

---

## PRELIMINARY STATEMENT

This action arises from the Omaha Housing Authority's systematic, retaliatory, and unlawful termination of HUD Veterans Affairs Supportive Housing ("HUD-VASH") voucher payments for Henry Lee Sr., a disabled elderly veteran, and the failure to execute the mandatory nine-step HUD-VASH succession protocol following Mr. Lee Sr.'s death on March 21, 2026. OHA, acting through its employees and agents, withheld federal voucher payments as leverage to coerce Plaintiffs' removal from the Unit, refused to recognize Hasani Lee's federally-protected live-in aide status, denied Plaintiffs a mandatory informal hearing required by federal regulation, and then failed to initiate the succession protocol that would have permitted Mr. Lee Sr.'s surviving household members — whose names appear on the VASH voucher — to continue housing assistance. These acts violated the Fair Housing Act, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), Section 504 of the Rehabilitation Act, 24 C.F.R. § 982.316, 24 C.F.R. § 982.555, 89 FR 65775 ¶ 80 (August 13, 2024), the Violence Against Women Act, and the Fourteenth Amendment to the United States Constitution. Plaintiffs seek $100,000,000 in compensatory and punitive damages, injunctive and declaratory relief, and all other relief this Court deems just.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. This action arises under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983 and 1985(3); the Fair Housing Act, 42 U.S.C. §§ 3601 et seq.; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; the Violence Against Women Act, 34 U.S.C. § 12491; and the Fourteenth Amendment to the United States Constitution.

2. This Court has supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367.

3. Venue is proper in this District under 28 U.S.C. § 1391(b). All acts and omissions giving rise to this Complaint occurred in Douglas County, Nebraska. Defendant Omaha Housing Authority is a governmental entity organized under Nebraska law and operating within this District. All individual Defendants reside or conduct business within this District.

## PARTIES

**Plaintiffs**

4. Plaintiff **Hasani Lee** is a natural person and resident of Douglas County, Nebraska. Mr. Lee is the son and former Power of Attorney designee for Henry Lee Sr. (deceased), a HUD-VASH veteran and leaseholder at 2950 Spencer Street, Apt. #303, Omaha, Nebraska 68111 (the "Unit"). Mr. Lee served as his father's full-time live-in caregiver. Mr. Lee is a co-founder of Underwoods Tenant Group ("UTG"). He brings this action in his individual capacity.

5. Plaintiff **Toni Wiggins** is a natural person and resident of Douglas County, Nebraska. Ms. Wiggins held Successor Power of Attorney for Henry Lee Sr. and served as secondary caregiver. She is a co-founder of UTG. Ms. Wiggins brings this action in her individual capacity.

**Defendants**

6. Defendant **Omaha Housing Authority** ("OHA") is a public housing authority organized under Nebraska law, with its principal office at 1823 Harney Street, Omaha, Nebraska 68102. OHA is the Public Housing Authority ("PHA") responsible for administering HUD-VASH vouchers in Douglas County, Nebraska, and is subject to 42 U.S.C. § 1983 as a governmental entity under Monell v. Department of Social Services, 436 U.S. 658 (1978). OHA may be served through its Executive Director at 1823 Harney Street, Omaha, Nebraska 68102.

7. Defendant **Heather Larson** is, upon information and belief, an employee or official of OHA acting in an official capacity related to the HUD-VASH voucher program. Ms. Larson sent a communication on August 1, 2025, withholding voucher payments conditioned on Plaintiffs' compliance with OHA's unlawful demand. She is sued in her individual and official capacities.

8. Defendant **Maureen Novak** is, upon information and belief, an employee or official of OHA who participated in the decisions to withhold voucher payments, deny the reasonable accommodation request, and/or deny the mandatory informal hearing. She is sued in her individual and official capacities.

9. Defendant **Sarah Notthorn** is, upon information and belief, an employee or official of OHA. Ms. Notthorn executed a sworn affidavit in eviction proceedings that named Underwoods Tenant Group at paragraph 13, establishing OHA's knowledge of and engagement with Plaintiffs' advocacy activities. She is sued in her individual and official capacities.

10. Defendant **Matthew Cook** is, upon information and belief, an employee or official of OHA who participated in material decisions related to the voucher administration, accommodation request denial, and/or succession determination relevant to this action. He is sued in his individual and official capacities.

11. Defendant **Brian Hansen** is, upon information and belief, an employee or contractor of OHA who filed two (2) conflicting sworn affidavits in the eviction proceedings CI 26-16176. No court has adjudicated either affidavit as truthful. Mr. Hansen is sued individually for his role in submitting conflicting sworn statements in coordination with the conduct alleged herein.

12. Defendant **Carla Brimmer** is, upon information and belief, an employee or representative of OHA or a related entity who participated in communications and actions related to the accommodation denial or voucher administration adverse to Plaintiffs. She is sued individually.

13. Defendant **Mary Sederstrom** is, upon information and belief, an attorney and partner of Defendant Erickson & Sederstrom, P.C., who provided legal representation to OHA or its agents in proceedings relevant to this action. She is sued individually and in her professional capacity.

14. Defendant **Erickson & Sederstrom, P.C.** is a law firm authorized to practice in Nebraska that provided legal services to OHA or its agents in connection with the conduct alleged herein. Erickson & Sederstrom is subject to respondeat superior liability.

15. Defendant **Julie Steadman** is, upon information and belief, an employee or supervisor at the VA and/or HUD-VASH program in the Omaha area, who had administrative authority over the HUD-VASH voucher for Henry Lee Sr. and whose actions or omissions related to the succession protocol are relevant to this action. She is sued in her individual and official capacities.

16. Defendant **OHA Board of Commissioners** is the governing body of the Omaha Housing Authority. Under Monell, the Board is liable for policies, practices, or customs that caused or ratified the constitutional violations alleged herein.

17. Defendants **John and Jane Does 1-10** are individuals whose true names and capacities are currently unknown to Plaintiffs. Upon information and belief, these individuals participated in the decisions to withhold voucher payments, deny accommodation, deny the succession protocol, or otherwise cause the harms alleged herein. Plaintiffs will amend this Complaint to add their true names when ascertained through discovery.

## FACTUAL ALLEGATIONS

### A. Henry Lee Sr., HUD-VASH, and the Unit

18. Henry Lee Sr. ("Mr. Lee Sr.") was an elderly, disabled United States veteran and participant in the HUD Veterans Affairs Supportive Housing program. He held a HUD-VASH voucher administered through OHA, which entitled him to Housing Assistance Payments subsidizing his rent at 2950 Spencer Street, Apt. #303, Omaha, Nebraska 68111.

19. Mr. Lee Sr. suffered from severe, service-connected disabilities requiring full-time in-home care. His treating physician, Dr. Nathan Birch, Director of VA Nephrology, provided written medical verification of the necessity of: (a) a two-bedroom housing unit for accessibility purposes; and (b) the presence of a live-in aide.

20. On June 30, 2025, Mr. Lee Sr. entered into a lease with Seldin Company, on behalf of Kennedy East LIHTC, LLC, for Apt. #303. A Housing Assistance Payments ("HAP") contract was executed between OHA and Seldin, obligating OHA to remit monthly voucher payments directly to Seldin on Mr. Lee Sr.'s behalf.

21. Hasani Lee held a fully-executed Power of Attorney designating him as Mr. Lee Sr.'s legal agent for housing and healthcare decisions. Toni Wiggins held Successor Power of Attorney. Both served as Mr. Lee Sr.'s full-time live-in caregivers at the Unit.

22. As of August 5, 2026, a representative of the HUD Kansas Regional Office, identified as Mr. Cochran, called Plaintiffs and confirmed that their names appear on the VASH voucher — validating the position Plaintiffs maintained throughout all prior proceedings.

**B. The Live-In Aide Reasonable Accommodation Request**

23. On July 3, 2025, Plaintiffs submitted a formal reasonable accommodation request to OHA and Seldin Company, requesting: (a) recognition of Hasani Lee as a live-in aide under 42 U.S.C. § 3604(f)(3)(B) and 24 C.F.R. § 982.316; and (b) maintenance of a two-bedroom unit for accessibility. The request was accompanied by Dr. Birch's physician letter and the executed Power of Attorney.

24. Federal regulations are clear and unambiguous: under 24 C.F.R. § 982.316, a live-in aide "is not a member of the family" and cannot be required to be added to the lease as a tenant or occupant. The FHA, 42 U.S.C. § 3604(f)(3)(B), requires housing providers to permit reasonable modifications and accommodations necessary to afford disabled persons equal opportunity to enjoy their dwelling.

25. OHA, through Defendant Larson and others, denied the reasonable accommodation request and demanded — in direct violation of 24 C.F.R. § 982.316 — that Hasani Lee and Toni Wiggins be added to the lease as tenants and undergo a background check as a condition of continued HUD-VASH participation. This demand is explicitly prohibited by federal law.

26. OHA never provided Plaintiffs with the background check forms required under its own procedures. An email from OHA employee Gosevac confirms this failure. Without the forms, Plaintiffs could not even attempt to comply with OHA's unlawful demand — ensuring a pretext for termination.

**C. OHA's Retaliatory Withholding of Voucher Payments**

27. On or about August 1, 2025, Defendant Larson sent a written communication to Seldin — copying Crystal Christensen, another OHA employee — stating that OHA would withhold HUD-VASH voucher payments unless Hasani Lee and Toni Wiggins were added to the lease or Mr. Lee Sr. was relocated to a one-bedroom unit.

28. OHA's payment ledger for the Unit reflects $0.00 in payments for July and August 2025. This payment gap — caused entirely by OHA's own administrative decision — created the artificial rent deficit that Defendants Kennedy East and Seldin later used as the stated basis for eviction proceedings.

29. Defendant Holterhaus, attorney for Kennedy East/Seldin, subsequently admitted in a March 30, 2026 email that "the unpaid rent was a result of the voucher not being issued by OHA." This admission by opposing counsel confirms that OHA's withholding of voucher payments was the direct cause of the rent gap and the resulting eviction.

30. OHA's withholding of federal housing assistance payments to coerce compliance with an unlawful demand constitutes: (a) retaliation under 42 U.S.C. § 3617; (b) a violation of 42 U.S.C. § 1983; (c) a violation of the HAP contract between OHA and the landlord; and (d) a violation of OHA's administrative obligations under HUD regulations.

**D. Denial of Mandatory Informal Hearing**

31. 24 C.F.R. § 982.555(a)(1)(v) requires a PHA to provide a participant with an informal hearing before the PHA terminates housing assistance for a reason other than the family's request. OHA's effective termination of HUD-VASH voucher payments — by withholding HAP payments — constituted a termination or constructive termination of housing assistance.

32. OHA never provided Plaintiffs with notice of or opportunity for the mandatory informal hearing required by 24 C.F.R. § 982.555. This denial of a mandatory procedural protection deprived Plaintiffs of due process and their ability to contest OHA's unlawful action before it caused irreversible harm.

**E. HUD-VASH Succession Protocol Failure**

33. Henry Lee Sr. died on March 21, 2026. Under 89 FR 65775 ¶ 80 (August 13, 2024), HUD's interim final rule established a mandatory nine-step succession protocol applicable when a HUD-VASH veteran leaseholder dies. This protocol requires the PHA to: (1) identify remaining household members; (2) verify continued eligibility; (3) confirm VA case management relationship; (4) contact remaining household members within prescribed timeframes; (5) complete succession documentation; (6) issue a new voucher or amend the existing voucher; (7) provide notice of succession rights; (8) secure new lease agreement; and (9) continue HAP contract without interruption.

34. OHA executed none of these mandatory nine steps following Mr. Lee Sr.'s death on March 21, 2026. No succession determination was communicated to Plaintiffs. No voucher amendment was issued. No succession documentation was provided. OHA took no action to continue housing assistance to the remaining household members who were confirmed to be on the VASH voucher.

35. PIH Notice 2011-53 further defines the procedural obligations of PHAs administering HUD-VASH vouchers upon the death of a veteran participant, including notification requirements and succession eligibility determinations. OHA did not comply with PIH Notice 2011-53.

36. OHA's failure to execute the mandatory succession protocol directly caused Plaintiffs to lose their housing assistance and their claim to continued occupancy following Mr. Lee Sr.'s death — compounding the harm of the retaliatory eviction and the unlawful lockout that followed.

**F. Monell Policy, Practice, and Custom**

37. Under Monell v. Department of Social Services, 436 U.S. 658 (1978), a municipal entity is liable under 42 U.S.C. § 1983 when an official policy, widespread custom, or deliberate indifference to constitutional rights causes a constitutional violation.

38. OHA's conduct in this matter reflects a policy, practice, or custom of: (a) withholding voucher payments as leverage against tenants who assert federal housing rights; (b) refusing to follow mandatory informal hearing requirements under 24 C.F.R. § 982.555; (c) refusing to execute HUD-VASH succession protocols when veteran leaseholders die; and (d) coordinating with private landlords and attorneys to suppress tenant advocacy.

39. The OHA Board of Commissioners, as the governing body of OHA, knew or should have known of these patterns of conduct and took no remedial action, thereby ratifying the unconstitutional conduct of OHA's employees and agents.

**G. OHA-Kennedy East Institutional Conflict**

40. Records filed with the Nebraska Secretary of State establish that OHA holds an ownership interest in Kennedy East LIHTC, LLC — the entity that owns the Property from which Plaintiffs were evicted. OHA simultaneously administered the HUD-VASH voucher that subsidized Mr. Lee Sr.'s tenancy at a property in which OHA held a beneficial ownership interest. This undisclosed conflict of interest infected every aspect of OHA's voucher administration, accommodation determination, and succession protocol obligations relevant to this action.

41. OHA's outside counsel, Steven R. Hogan II of Kutak Rock LLP, appeared at all July 30, 2026 hearings in the eviction case CI 26-16176 on behalf of OHA — a party that was not named in that proceeding. OHA's voluntary appearance in the eviction case through retained counsel demonstrates the institutional coordination and conflict of interest at the heart of this action.

**H. Death of Henry Lee Sr. and Continued Harm to Plaintiffs**

42. Henry Lee Sr. died on March 21, 2026 — forty-three (43) days after the retaliatory eviction notice was filed on February 6, 2026. Mr. Lee Sr. was in a fragile medical state at the time of the eviction filing. The stress of the eviction proceedings, the housing instability caused by OHA's voucher withholding, and the loss of caregiving stability directly contributed to the conditions under which Mr. Lee Sr. died.

43. On March 31, 2026 — the morning before Mr. Lee Sr.'s funeral on April 1, 2026 — opposing counsel communicated a settlement counteroffer of $7,534 to Plaintiffs. This communication caused severe emotional harm to Plaintiffs in a moment of profound grief.

44. OHA's failure to initiate the succession protocol after Mr. Lee Sr.'s death, combined with the ongoing eviction proceedings initiated by the landlord and the defective writ executed on July 24, 2026, left Plaintiffs without housing assistance, without the housing they had occupied, and without any administrative remedy from OHA.

**I. Damages**

45. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered: (a) loss of HUD-VASH housing assistance; (b) loss of housing stability and homelessness; (c) loss of and damage to personal property, including life-sustaining medications; (d) severe emotional distress, grief, and psychological harm; (e) deprivation of their right to a mandatory informal hearing; (f) loss of succession rights under federally mandated protocols; (g) economic losses including relocation costs, storage expenses, and lost income; and (h) constitutional injury.

## <u>CAUSES OF ACTION</u>

**COUNT I — FAILURE TO ACCOMMODATE: FAIR HOUSING ACT**

*42 U.S.C. § 3604(f)(3)(B) — Against OHA, Larson, Novak, Cook, and Klich-Stewart*

46. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

47. 42 U.S.C. § 3604(f)(3)(B) requires housing providers to make reasonable accommodations in rules, policies, practices, or services when such accommodations are necessary to afford persons with disabilities equal opportunity to use and enjoy a dwelling.

48. Henry Lee Sr. was a person with a disability within the meaning of 42 U.S.C. § 3604(f)(1). His disabilities were documented by a licensed VA physician. Plaintiffs, as his live-in aides and caregivers, were entitled to recognition under 24 C.F.R. § 982.316, which explicitly provides that a live-in aide is not a member of the family or a tenant and may not be required to be added to the lease.

49. Defendants OHA, Larson, Novak, and Cook refused the reasonable accommodation request, demanded unlawful lease additions, and withheld voucher payments — denying Mr. Lee Sr. and his household the equal opportunity to use and enjoy housing protected by the FHA. This denial of accommodation was the proximate cause of the housing instability and resulting harm.

## COUNT II — RETALIATION: FAIR HOUSING ACT

*42 U.S.C. § 3617 — Against All Defendants*

50. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

51. 42 U.S.C. § 3617 makes it unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of rights protected by the FHA, or to retaliate against any person who has filed a fair housing complaint.

52. Plaintiffs engaged in protected activity by: (a) submitting a formal reasonable accommodation request on July 3, 2025; (b) filing a PSTCA tort claim on August 1, 2025; (c) filing state and federal civil rights actions; and (d) pursuing administrative complaints with HUD and OHRRD (Case Nos. 26-0420-031-HR and 07-26-4688-8).

53. Defendants retaliated by: (a) withholding HUD-VASH voucher payments beginning July 2025; (b) refusing the succession protocol following Mr. Lee Sr.'s death; (c) coordinating with the landlord to file and prosecute retaliatory eviction proceedings; and (d) using sworn affidavits that referenced Plaintiffs' advocacy organization to demonstrate awareness of protected activity.

## COUNT III — CIVIL RIGHTS VIOLATION: DUE PROCESS

*42 U.S.C. § 1983; 14th Amendment — Against OHA, OHA Board, Larson, Novak, Cook, and Notthorn*

54. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

55. A HUD-VASH participant's continued housing assistance is a protected property interest under the Fourteenth Amendment. Plaintiffs also had a protected liberty and property interest in their continued occupancy of the Unit.

56. 24 C.F.R. § 982.555(a)(1)(v) requires a PHA to provide an informal hearing before terminating housing assistance. OHA's effective termination of voucher payments without notice and without affording Plaintiffs an opportunity for a mandatory informal hearing violated the procedural due process guarantees of the Fourteenth Amendment and the governing HUD regulations.

57. The OHA Board of Commissioners' ratification of OHA's policy and practice of denying informal hearings to voucher participants constitutes Monell liability under 42 U.S.C. § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

## COUNT IV — CIVIL RIGHTS VIOLATION: EQUAL PROTECTION

*42 U.S.C. § 1983; 14th Amendment — Against OHA, OHA Board, Larson, Novak, and Cook*

58. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

59. The Equal Protection Clause of the Fourteenth Amendment requires governmental entities to treat similarly-situated persons equally. OHA's disparate treatment of Plaintiffs — withholding voucher payments, refusing mandatory hearings, and failing to execute succession protocols while taking different actions in other comparable HUD-VASH cases — constitutes a violation of equal protection.

60. OHA's conduct was motivated in part by Plaintiffs' exercise of federal housing rights and advocacy activities, constituting class-based discrimination cognizable under the Equal Protection Clause and 42 U.S.C. § 1983.

## COUNT V — CONSPIRACY AGAINST CIVIL RIGHTS

*42 U.S.C. § 1985(3) — Against All Defendants*

61. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

62. Defendants conspired together — as evidenced by OHA's withholding of voucher payments coordinated with landlord Seldin/Kennedy East, OHA counsel's appearance in the eviction case, the Larson email CC'ing multiple OHA employees, the Notthorn affidavit naming UTG, and OHA's beneficial ownership of Kennedy East LIHTC — to deprive Plaintiffs of the equal protection of federal housing laws and their constitutional rights.

63. This conspiracy was motivated by class-based discriminatory animus against Plaintiffs as disabled veteran's caregivers, HUD-VASH voucher recipients, and housing rights advocates — sufficient to support a § 1985(3) claim.

64. Defendants' conspiracy directly and proximately caused the deprivation of Plaintiffs' housing, due process rights, succession rights, and other damages alleged herein.

## COUNT VI — REHABILITATION ACT § 504

*29 U.S.C. § 794 — Against OHA and OHA Board of Commissioners*

65. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

66. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, prohibits discrimination on the basis of disability in any program or activity receiving federal financial assistance. OHA is a recipient of federal financial assistance through the HUD-VASH program.

67. OHA's refusal to recognize Hasani Lee's live-in aide status, its failure to provide the reasonable accommodation requested, and its withholding of voucher payments to coerce removal of a disabled veteran's caregivers constitute discrimination on the basis of disability in violation of § 504 of the Rehabilitation Act.

**COUNT VII — HUD-VASH SUCCESSION PROTOCOL FAILURE**

*89 FR 65775 ¶ 80; PIH Notice 2011-53; 42 U.S.C. § 1983 — Against OHA, OHA Board, and Steadman*

68. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

69. The HUD interim rule published at 89 FR 65775 ¶ 80 (August 13, 2024) establishes a mandatory nine-step succession protocol that a PHA must execute upon the death of a HUD-VASH veteran leaseholder. This protocol is designed to protect surviving household members from losing federally-subsidized housing upon the veteran's death.

70. Henry Lee Sr. died on March 21, 2026. Plaintiffs' names are confirmed to appear on the VASH voucher, as confirmed by HUD Kansas Regional Office representative Mr. Cochran on August 5, 2026. Plaintiffs were eligible for the succession protocol.

71. OHA executed none of the nine mandatory steps following Mr. Lee Sr.'s death. No succession notice was issued. No voucher amendment was made. No succession determination was communicated. No continued HAP contract was arranged. This wholesale failure to comply with mandatory federal succession requirements, in a case where OHA simultaneously holds an ownership interest in the property from which the surviving household members were being evicted, constitutes a constitutional violation actionable under 42 U.S.C. § 1983 and a violation of federal HUD regulations.

**COUNT VIII — VIOLENCE AGAINST WOMEN ACT**

*34 U.S.C. § 12491 — Against OHA and OHA Board of Commissioners*

72. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

73. 34 U.S.C. § 12491 prohibits any assisted housing provider from evicting or denying housing assistance to a covered person on the basis of VAWA-protected circumstances. OHA, as a federally-assisted housing provider administering HUD-VASH vouchers, is subject to VAWA's requirements.

74. To the extent that OHA's conduct — including denial of accommodation, withholding of voucher payments, and failure to execute the succession protocol — was connected to or affected by VAWA-protected circumstances involving any member of the household,

HASANI LEE
Plaintiff, Pro Se
213-602-6077
underwoodtentantsgroup@gmail.com

TONI WIGGINS
Plaintiff, Pro Se
matteamscleaning69@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated above, a true and correct copy of the foregoing Complaint was served upon all Defendants by U.S. Mail, first-class postage prepaid, or as otherwise directed by the Court following issuance of summons.

/s/ Hasani Lee, Sui-Juris 8/10/2026

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Hosani Lee individually and as representative of Underwood Tenants Group; and Toni Wiggins individually and as representative of Underwood Tenants Group

**DEFENDANTS** Seldin Property Management LLC; Dawn Klich-Stewart; Marlon Okereke; Tara E. Holterhaus; Ethan Sotak; Spencer Fane LLP; Kutak Rock; Steven R. Hogan

**(b)** County of Residence of First Listed Plaintiff: Douglas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Douglas (Kennedy East LLC, Rocky Ama et al.)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Hosani Lee and Toni Wiggins
2950 Spencer St. Unit 200
Omaha NE 68111 213-602-6077

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [X] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [X] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 U.S.C 1983, 1985(3); Fair Housing Act 42 U.S.C 3604(f), 3617; 29 U.S.C 794; 34 U.S.C 12491

Brief description of cause: Civil rights, housing discrimination, disability discrimination, unlawful eviction, retaliation

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 2,000,000

CHECK YES only if demanded in complaint: JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE De Luca DOCKET NUMBER 8:25-cv-00569

DATE Aug 10, 2026 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______